IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff-Respondent,

v.                                    CIV 02-402 JP/KBM
                                    CR  01-932 JP

ANTONIO DIAZ-RODRIGUEZ,

        Defendant-Movant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

      This matter is before the Court on Defendant's petition and motion seeking relief pursuant to 28 U.S.C. § 2255. *Docs. 1, 2* (hereinafter "motion"). Having considered the pleadings and relevant law, and for the reasons stated in the United States' thorough response, I recommend that the motion be denied. Because it is possible to resolve the issues on the pleadings, and the record establishes conclusively that Defendant is not entitled to relief, I find that an evidentiary hearing is not necessary. *E.g., § 2255;* Rule 8(a), *Rules Governing Habeas Corpus Under Section 2255; Trice v. Ward,* 196 F.3d 1151, 1159 (10th Cir. 1999), *cert. denied,* 531 U.S. 835 (2000). I briefly set forth my reasoning.

      Defendant pleaded guilty to reentry after deportation and possession of firearms in violation of 8 U.S.C. §§ 1326(a)(1) & (2) and 18 U.S.C. § 924(a)(2), respectively. The presentence report assessed a total of eleven criminal history points based on: prior convictions for illegal entry and reentry; Guidelines §§ 4A1.1(c) & (d); and two state court convictions to which he pleaded guilty and served time. Defendant's sole contention is that the two state convictions were uncounseled and, therefore, his Federal Public Defender was ineffective in failing

to challenge their inclusion in the criminal history calculation.

Prior convictions are entitled to a presumption of constitutional validity and uncounseled convictions that are otherwise constitutional can be used in the calculations. It is Defendant's burden to rebut that presumption. A mere assertion that the convictions were uncounseled is insufficient to rebut the presumption or set forth a colorable ineffectiveness claim. *E.g., United States v. Windle,* 74 F.3d 997, 1001 (10th Cir. 1996) ("Once the prosecution establishes the existence of a conviction, the defendant must prove by a preponderance of the evidence that the conviction was constitutionally infirm."); *United States v. Wyatt,* 81 F.3d 173, 1996 WL 156737 (10th Cir. 1996) (unpublished) (§ 2255 proceeding where the defendant claimed counsel was ineffective for, among other things, failing to object to uncounseled prior convictions in criminal history score; court concluded that a defendant who shows "only that he was unrepresented by counsel" does not meet that burden).

Wherefore,

**IT IS HEREBY RECOMMENDED** that the petition and motion *(Docs. 1, 2)* be denied and this action dismissed with prejudice.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

_____
UNITED STATES MAGISTRATE JUDGE